UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SETH MITCHELL,

                    Plaintiff,

        -against-

CIGNA CORPORATION; AMERICAN
INTERNATIONAL GROUP, INC.; THE
GOLDMAN SACHS GROUP, INC.; JOHN &
JANE DOES 1-1000,

                    Defendants.

19-CV-3802 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights

under the Employee Retirement Income Security Act (ERISA) during and after his employment

with the Goldman Sachs Group, Inc. Plaintiff further asserts, under the Court's diversity

jurisdiction, a state law claim of intentional infliction of emotional distress. By order dated May

1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis*. For the following reasons, the Court dismisses the action with prejudice.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This is the third complaint Plaintiff has filed against the Cigna Corporation (Cigna), the American International Group (AIG), Goldman Sachs Group (Goldman Sachs), and John and Jane Does 1-1000. *See Mitchell v. The Goldman Sachs Group, Inc.*, No. 17-CV-6258 (CM) (*Mitchell I*);[1] *Mitchell v. The Goldman Sachs Group, Inc.*, No. 18-CV-5049 (LLS) (*Mitchell II*).

In *Mitchell I*, Plaintiff, a former Goldman Sachs employee, claimed that his employment "led to his permanent disabilities, destitution, impoverishment, [and] long-term homelessness." (17-CV-6258, ECF No. 2 at 7.) Plaintiff claimed that Defendants violated his rights under the Fourth and Fourteenth Amendments; that Goldman Sachs mishandled his "disability management/rehabilitation" from 2001 through 2003; and that the insurance entities committed breach of contract by denying his claims under certain policies he had as part of his employment with Goldman Sachs. Plaintiff brought claims under 42 U.S.C. § 1983, asserting civil-rights violations. He further asserted claims of collusion, conspiracy, obstruction, anti-competitive behavior, and he also cited to ERISA; the Sherman Antitrust Act of 1890, the Federal Trade Commission Act, and the doctrine of continuing violation. Plaintiff also brought state-law claims. Plaintiff sought monetary damages and to hold the defendants liable for their alleged crimes against him.

In two orders, after giving Plaintiff an opportunity to respond, the Court dismissed *Mitchell I* for failure to state a claim and on timeliness grounds. Plaintiff filed two appeals, which

---

[1] Plaintiff named other Defendants in *Mitchell I,* including New York City, city agencies, and a number of individuals.

the United States Court of Appeals for the Second Circuit summarily dismissed. *See Mitchell v. The Goldman Sachs Group, Inc.*, No. 18-1175 (2d Cir. Aug. 8, 2018) (dismissing appeal because it "lack[ed] an arguable basis either in law or in fact"); *Mitchell v. The Goldman Sachs Group, Inc.*, No. 18-0881 (2d Cir. Aug. 8, 2018) (same).

In *Mitchell v. The Goldman Sachs Group, Inc.*, No. 18-CV-5049 (LLS) (S.D.N.Y. Sept. 21, 2018) (*Mitchell II*), Plaintiff asserted claims arising out of events occurring from 2003 through 2017, and related to his employment at Goldman Sachs and his efforts to obtain disability insurance benefits under ERISA, the Sherman Antitrust Act, the FTC Act, and New York State law. Plaintiff again sued Goldman Sachs, CIGNA, AIG, and all of their employees named in *Mitchell I*, but added Steven Vigneron, another employee of Goldman Sachs, as a new defendant. But unlike *Mitchell I*, Plaintiff no longer sued municipal entities and no longer asserted § 1983 claims. The Court dismissed *Mitchell II* on *res judicata* grounds. *See* No. 18-CV-5049 (LLS) (S.D.N.Y. Sept. 21, 2018), No. 18-2841 (2d Cir. Apr. 23, 2019) (dismissing appeal because it "lack[ed] an arguable basis either in law or in fact").

Plaintiff now brings this complaint against CIGNA, AIG, Goldman Sachs, and John and Jane Does 1-1000, alleging violations of his rights under ERISA occurring in 2017. According to Plaintiff, he received notice on May 5, 2017, of his "right to bring legal action" under ERISA regarding his "employment-based benefits & entitlements." (ECF No. 2 ¶ III.) Plaintiff resides in New York; AIG, and Goldman Sachs are headquartered in New York; and Cigna is headquartered in Connecticut.

## DISCUSSION

### A.    Res Judicata or Claim Preclusion

Plaintiff is attempting to raise claims and issues that he raised in his previous cases that were adjudicated on the merits, or claims that he could have brought in that litigation. Because of

*Mitchell I* and *Mitchell II*, Plaintiff is already acquainted with the doctrine of *res judicata* or claim preclusion. Accordingly, there is no need for the Court to explain that doctrine here. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) ("[W]hen a court considers whether to withdraw a *pro se* litigant's special status, it should consider not only that litigant's lifetime participation in all forms of civil litigation, but also his experience with the particular procedural setting presented.").

Because Plaintiff's previous litigation was adjudicated on the merits, involved the same parties or their privies, and arises out of the same sets of transactions as the current action, under the doctrine of claim preclusion, Plaintiff cannot proceed with any claims in the current action that he brought or could have brought in his previous litigation. *See Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013). And because his previous litigation was adjudicated on the merits, he asserts the same issues in this action that he did in his previous litigation, and he has had a full and fair opportunity to litigate those issues in his previous litigation, under the doctrine of issue preclusion, he cannot again raise in this action any issues adjudicated in his previous litigation. *See Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001).

Accordingly, the Court dismisses all of Plaintiff's claims that were or could have been raised and adjudicated in Plaintiff's previous litigation, including any claims arising out of events alleged to have occurred between 2001 and 2017. The Court dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003) (summary order) ("Dismissal under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] is appropriate when a defendant raises collateral estoppel, or issue preclusion, as an affirmative defense and it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the

plaintiff's claims are barred as a matter of law.") (citing *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000)); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (action dismissed for *res judicata* is properly dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim); *see also Scherer v. Equitable Assurance Soc'y of the United States*, 347 F.3d 394, 400 (2d Cir. 2003) ("It is well established law in this circuit that certain affirmative defenses, including res judicata, may be raised *sua sponte*."); *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (noting that the Second Circuit has "upheld a district court's dismissal of a case on collateral estoppel grounds even where collateral estoppel was not raised as an affirmative defense in the answer, but was raised by the district court *sua sponte,* without permitting the party against which it was asserted an opportunity to argue the issue").

B.      **Leave to Amend and Supplemental Jurisdiction**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. And because Plaintiff's claims do not give rise to federal subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over any potential state law claims.[2] *See* 28 U.S.C. § 1367(c); *Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state law claims where no federal claims remained).

---

[2] Diversity jurisdiction is lacking because Plaintiff, AIG, and Goldman Sachs reside in New York. *See* 28 U.S.C. § 1332. The Court alerted Plaintiff in an earlier case about the requirements for bringing an action under § 1332. *See Mitchell v. Amer. Arbitration Assoc.*, No. 17-CV-8566 (PAE) (S.D.N.Y. Dec. 20, 2017) (giving Plaintiff an opportunity to file an amended complaint containing facts showing that the Court had diversity jurisdiction over the matter).

### C. Litigation History and Warning

In addition to *Mitchell I and II,* Plaintiff has filed many other *pro se* cases and appeals within this Circuit that have been dismissed for lack of merit. *See Mitchell v. Amer. Arbitration Assoc.,* No. 17-CV-8566 (PAE) (OTW) (S.D.N.Y. May 17, 2018) (dismissing severed claims in amended complaint for failure to state a claim), No. 18-1516 (2d Cir. Oct. 4, 2018 (dismissing appeal as lacking an arguable basis either in law or in fact); *Mitchell v. Macy's*, No. 17-CV-1845 (AT) (SN) (S.D.N.Y. Sept. 26, 2018) (granting Defendant's motion to dismiss), Nos. 18-1504 (L), 18-1743 (Con), 18-1861, (Con), 18-2861 (2d Cir. (dismissing appeals as lacking an arguable basis either in law or in fact or as moot); *Mitchell v. Comm'r of Soc. Sec.*, No. 16-CV-6588 (WHP) (HBP) (S.D.N.Y. Mar. 30, 2018) (granting Defendant's motion for judgment on the pleadings), No. 18-1999 (2d Cir. Oct. 4, 2018) (dismissing an appeal as lacking an arguable basis either in law or in fact). Plaintiff currently has two pending cases in this Court. *See Mitchell v. City of New York,* No. 19-CV-2785 (UA) (S.D.N.Y. filed Mar. 27, 2019); *Mitchell v. U.S. Dep't of Veterans Affairs,* No. 18-CV-2672 (VSB) (S.D.N.Y. filed Mar. 26, 2018) (FOIA claim pending).

Plaintiff is warned that should he persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred from filing new actions *in forma pauperis* without prior permission from the Court. *See* 28 U.S.C. § 1651.

### CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. As Plaintiff has consented to electronic service of documents filed in this action (ECF No. 3), there is no need for the Court to mail this order to him. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). The motion to participate in electronic case filing is denied, and the Clerk of Court is directed to terminate it. (ECF No. 4.)

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 21, 2019
        New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.